[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CONTEMPT CITATION
This matter came before the court on a contempt citation in which the plaintiff alleges a child support arrearage dating back to July of 1989. The defendant's response is that the "minor child" whose support is at issue became 18 years of age in 1988 and is now an adult. He is still "living at home" with the plaintiff. CT Page 4376
The dispute arises out of a disagreement as to the meaning of a clause in the separation agreement of the parties dated April 29, 1988, which was presented to the court at the dissolution hearing of May 26, 1988.
 Paragraph 6 of the agreement reads as follows: "Husband agrees to pay child support in the amount of $62.50 per child per week as long as the children stay at home, or attend a university, for a period of five (5) years and provide medical coverage for said children so long as it is available through husband's employer."
The agreement was incorporated by reference into the decree except for paragraph 5 of the agreement which purported to create joint custody until the children each reached the age of 22. The court concluded this was not possible.
No one objected when the court stated, at the end of the hearing, that the agreement was incorporated by reference excluding paragraph 5.
The child in question, Steven, was born on December 4, 1970 and was 18 on December 4, 1988, just over 6 months after the date of the dissolution.
At the request of counsel, the court examined the transcript of the dissolution hearing where counsel for the plaintiff states at page 3:
 "Per child, for as long as the kids, children, are living at home or at school for a maximum of five years."
When paragraphs 5 6 are considered together, it appears obvious that these parties contemplated something other than the usual custody, support and visitation arrangements terminating at age 18.
It is therefore the conclusion of the court that the defendant is obligated under the separation agreement and decree to pay $62.50 per week until May 26, 1993 so long as Steven is living at home.
Anthony V. DeMayo, Judge